Seth M. Lehrman (178303)
seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Attorneys for Plaintiff
Retina Associates Medical Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RETINA ASSOCIATES MEDICAL GROUP, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROOPTICS LLC,<br><br>Defendant. | **CLASS ACTION**<br>**JUNK-FAX COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Retina Associates Medical Group, Inc., brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Defendant ProOptics LLC for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

1. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

1  3. The Court has personal jurisdiction over Defendant because it conducts
2  business in this state, including substantial business in this district.

3  **PARTIES**

4  4. Plaintiff Retina Associates Medical Group, Inc., is a citizen of the state
5  of California, with its principal place of business in Orange County, California.

6  5. Defendant ProOptics LLC is an Illinois limited liability company with
7  its principal place of business at 317 Woodwork Lane, Palatine, IL 60067.

8  6. Defendant, directly or else through other persons acting on its behalf,
9  conspired to, agreed to, contributed to, assisted with, or otherwise caused the
10 wrongful acts and omissions, including the dissemination of the junk faxes addressed
11 in this Complaint.

12 **THE FAX**

13 7. On or about April 25, 2018, Defendant, or someone acting on its behalf,
14 used a telephone facsimile machine, computer, or other device to send to Plaintiff's
15 telephone facsimile machine at (714) 633-7470 an unsolicited advertisement, a true
16 and accurate copy of which is attached as **Exhibit A** (Fax).

17 8. Plaintiff received the Fax through Plaintiff's facsimile machine.

18 9. The Fax constitutes material advertising the quality or commercial
19 availability of goods.

20 10. On information and belief, Defendant obtained Plaintiff's fax number
21 through a contract or business relationship with Schaeffer Vicron Optical, Inc., an
22 Illinois corporation that now operates under the name VS Corporation.

23 11. The Fax identifies SCHAEFFER VICRON and the website
24 SchaefferVicron.com and contains pricing for multiple goods, including Chin Rest
25 Paper "Made in the USA by Pro-Optics."

26 12. On information and belief, Defendant has sent other facsimile
27 transmissions of material advertising the quality or commercial availability of goods

28

-2-

to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendant's behalf.

13. On information and belief, Defendant approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

14. Defendant had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

15. Defendant created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and other members of the "Class" as defined below.

16. The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendant, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

17. Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D) The notice includes—

-3-

CLASS ACTION COMPLAINT

  (1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

  (2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

 (E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

18. The Fax and, on information and belief, Defendant's similar facsimile advertisements lacked an opt-out notice containing a domestic contact telephone number, thereby violating 47 U.S.C. § 227(b)(2)(D)(iv)(I) and 47 C.F.R. § 64.1200(a)(4)(iii)(D)(*1*).

19. On information and belief, Defendant faxed the same or other substantially similar facsimile advertisements to the members of the Class in California and throughout the United States without first obtaining the recipients' prior express invitation or permission.

20. Defendant violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

21. Defendant knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendant's facsimile advertisements did not display a proper opt-out notice.

22. Pleading in the alternative to the allegations that Defendant knowingly violated the TCPA, Plaintiff alleges that Defendant did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendant's own understanding of the law or on the representations of others on which Defendant reasonably relied.

23. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendant a telephone facsimile message of material advertising the commercial availability or quality of any goods, (2) from which Plaintiff obtained the recipient's fax number from Schaeffer Vicron Optical, Inc., or VS Corporation, (3) with respect to whom Defendant cannot provide evidence of prior express invitation or permission for the sending of such fax or (4) with whom Defendant did not have an established business relationship, and (5) the fax identified in subpart (1) of this definition (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

25. Excluded from the Class are Defendant, its employees, agents, and members of the judiciary.

26. This case is appropriate as a class action because:

a. <u>Numerosity.</u> On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u> Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

    ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendant, contains material advertising the commercial availability of any goods;

    iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendant, contains material advertising the quality of goods;

    iv. The manner and method Defendant used to compile or obtain the list of fax numbers to which Defendant sent the Fax and other unsolicited faxed advertisements;

    v. Whether Defendant faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi. Whether Defendant violated 47 U.S.C. § 227;

    vii. Whether Defendant willfully or knowingly violated 47 U.S.C. § 227;

    viii. Whether Defendant violated 47 C.F.R. § 64.1200;

    ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendant, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

    x. Whether the Court should award statutory damages per TCPA violation per fax;

    xi. Whether the Court should award treble damages per TCPA violation per fax; and

    xii. Whether the Court should enjoin Defendant from sending TCPA-violating facsimile advertisements in the future.

c. <u>Typicality.</u> Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendant to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d. <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel is experienced in TCPA class actions, having litigated many such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e. <u>Superiority.</u> A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

27. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

28. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

29. The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

-7-

(C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

30. The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

31. Defendant's actions caused concrete and particularized harm to Plaintiff and the Class, as

  a. receiving Defendant's faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendant's faxes;
  b. Defendant's actions interfered with the recipients' use of the recipients' fax machines and telephone lines;
  c. Defendant's faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and
  d. Defendant's faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

32. Defendant intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendant's advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

33. Defendant knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendant or anyone else to fax advertisements about Defendant's goods, (b) the Fax and the other facsimile advertisements were advertisements, (c) Defendant did not have an established business relationship with Plaintiff and the other Class members, (d) any established business relationship that Plaintiff and the other Class members might have had with Schaeffer Vicron Optical, Inc., did not allow Defendant to send

Plaintiff and the other Class members fax advertisements, and (e) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

34. Defendant violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, for itself and all others similarly situated, demands judgment against Defendant as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;

b. appoint the undersigned counsel as Class counsel;

c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d. award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e. enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

g. award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h. award Plaintiff prejudgment interest and costs; and

i. grant Plaintiff all other relief deemed just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendant and the communication or transmittal of advertisements as alleged herein.

DATED: August 9, 2018

By: */s/ Seth M. Lehrman*
Seth M. Lehrman
Attorneys for Plaintiff
Retina Associates Medical Group, Inc.